4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward R. JENSEN, Defendant-Appellant.
 No. 92-2486.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Edward R. Jensen appeals from the district court's order following a guilty plea sentencing defendant to 37-months imprisonment and $300,000 restitution. Defendant contends that the district court erred in (1) refusing to grant a downward departure in order to equalize defendant's term of incarceration with the terms of his co-defendants; and (2) ordering restitution.
 
 
 2
 Defendant overlooks the fact that the district court did nothing more than enforce the terms of the plea to which defendant and the government agreed, as it was required to do under Fed.R.Crim.P. 11(e)(2). See United States v. Skidmore, --- F.2d ----, Nos. 92-3665, 92-3666 (6th Cir., July 8, 1993).[1] In fact, the district court had no authority to modify the terms of the plea agreement, even for defendant's benefit. Id. Thus, because the district court properly followed Rule 11, defendant's contentions are without merit. AFFIRMED.
 
 
 3
 WELLFORD, Senior Circuit Judge, concurring separately.
 
 
 4
 I concur fully with the majority opinion, but would not disturb Jensen's sentence, based on this record, regardless of Rule 11 implications.
 
 
 
 [1]
 Although Skidmore involved a plea agreement under Fed.R.Crim.P. 11(e)(1)(A), and the one at issue was made pursuant to Rule 11(e)(1)(C), the district court's directive is the same for purposes of Rule 11(e)(2). See Fed.R.Crim.P. 11(e)(2)